## Christopher Strassheim v. Charles Krueger.

1. Levy—*Of Execution—When Properly Made.*—A made a bill of sale of his stock of goods to B, his brother-in-law, but continued the business as formerly; one of his creditors made a levy on the stock, and B sued the creditor for trespass for such levy. The evidence showed that there was no consideration for the sale, and that the bill was not acknowledged and recorded in accordance with the law relating to chattel mortgages, and tended to show that it was made to secure a debt to B's mother. *Held,* that the levy was properly made.

Trespass, for a wrongful levy. Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

Walker, Judd & Hawley, attorneys for appellant.

Rosenthal, Kurz & Hirschl, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

This is an action of trespass by the appellee against the appellant.

The appellant was a creditor, by judgment and execution, of one George DeWeil, whose wife is sister of the appellee, and Mrs. Charles Sohl is their mother. DeWeil was a grocer at 2503 State street, Chicago. He owed his mother-in-law $1,000, either inclusive or exclusive—we can not tell which—of $500 mentioned in a bill of sale hereinafter referred to. September 7, 1892, DeWeil made a bill of sale of everything connected with the business to the appellee, which bill was acknowledged before a notary and recorded in the recorder's office.

The consideration expressed was $1,000, and the bill recited that it was subject to a chattel mortgage to Mrs. Sohl for $500. The appellee testified that the mortgage had been paid, but not by him.

It does not appear that in the whole business he has ever

parted with a penny; in fact, the conclusion is irresistible that, if the protection of DeWeil was not the object, or one of the objects, of the bill of sale, security to Mrs. Sohl was the sole object. No value of the property at the time appears. No change, visible to the world, was made in the conduct of the business, or in the signs on the store or delivery wagon. The only changes that the appellee claims were made as to the conduct of the business are, that he used to go to the store every night and see that things were all right—took out a policy of insurance—and DeWeil assumed the character, between themselves, of manager, at a salary of $12 per week, taken from the income of the business and charged up on the books.

Now, if, instead of this bill of sale for the security of Mrs. Sohl, DeWeil had made to her a chattel mortgage of the property, followed by the same conduct as is shown by this record, such mortgage would have been void as to the merchandise as against an execution creditor of DeWeil. Deering v. Washburn, 141 Ill. 153.

The bill of sale, being for security, is subject to the law on Chattel Mortgages, Sec. 1, Ch. 95, Mortgages.

The execution mentioned in the beginning of this opinion was levied upon the merchandise in the store. Such levy was rightful, and the appellant is not liable in damages therefor.

The court instructed that "If, from the preponderance of the evidence and under the instructions of the court, you find that the title to the property in question was (at the time of its seizure) in the plaintiff, and that he was either personally or by his agent or agents in possession of the same, then this suit was properly brought in his name as plaintiff, even if his title was in him for the benefit and protection of his mother upon her demands against George DeWeil."

This instruction was wrong.

The judgment is reversed and the cause remanded.